Per Curiam.

Petitioner in this action urges that his conviction was based on illegally obtained evidence. Petitioner alleges that detectives, without a warrant, forced their way into his apartment at gun point and searched it. The detectives found the narcotics on which his conviction was based in the pocket of a pair of his trousers. It is petitioner’s contention that this search was made without reasonable cause.
It is not necessary in the present case to determine whether such evidence was obtained illegally. Petitioner entered a plea of guilty, thus, no evidence was introduced. Although petitioner argues that such illegality would permeate the whole proceeding, clearly it could have no such effect where a plea of guilty is entered.
In Villasino v. Maxwell, Warden, 174 Ohio St., 483, at page 484, it is stated:
“* * * He cannot claim he was convicted on illegally obtained evidence. Since he pleaded guilty, there was no trial and thus no evidence admitted against him. Hence, even if the state’s evidence was illegally obtained it cannot affect his plea of guilty. People v. Bertrand, 28 Misc. (2d), 1084, 216 N. Y. Supp. (2d), 790.
“Petitioner urges that the use of this allegedly illegally *185 obtained evidence permeated his indictments and rendered them void, thus voiding all subsequent proceedings. This contention is without foundation. There is no way of knowing what evidence was presented to the Grand Jury.”
Here petitioner is in the same position. He cannot base his right to release on evidence that was not used against him.
Petitioner contends also that he was held 60 hours prior to his preliminary hearing. The only basis on which such detention would entitle him to release would be if it could be said to have resulted in a coerced confession which was used against him. No confession was made by petitioner, although he says he did make some statements but did not confess. Although such detention would have been a ground for relief by habeas corpus at the time, now, after conviction on a plea of guilty, no such right exists.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Grieeith, Herbert and Gibson, JJ., concur.